# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10034

United States Court of Appeals
Fifth Circuit

**FILED**
January 17, 2020

Lyle W. Cayce
Clerk

CURTIS MARSH; JAIME MARSH,

    Plaintiffs - Appellants

v.

SPECIALIZED LOAN SERVICING, L.L.C., Alleged Mortgage Servicer for Morgan Stanley Mortgage Trust 2006-15XS; U.S. BANK NATIONAL ASSOCIATION, As Trustee,

    Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-2111

Before HIGGINBOTHAM, JONES, and DUNCAN, Circuit Judges.

PER CURIAM:*

In 2006, Appellants Curtis and Jamie Marsh executed a promissory note payable to Realty Mortgage Corporation and secured by a Deed of Trust. Mortgage Electronic Registration Systems ("MERS") was the nominee. On March 9, 2011, MERS, as nominee for Realty Mortgage Corporation, assigned the Deed of Trust to US Bank, as trustee for Morgan Stanley Mortgage Loan

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10034

trust 2006-15XS. America's Servicing Company ("ASC"), a division of Wells Fargo Bank, was the original mortgage servicer. Servicing was transferred to Specialized Loan Servicing, LLC. Appellants learned of this transfer in a letter from SLS on December 7, 2015.

Appellants were first in default by late 2008 and have made no payments toward the Note since a negotiated loan-modification agreement fell through in 2010. Since then, the servicers—ASC and then, after December 2015, SLS—have accelerated the debt several times, most recently on April 19, 2017. A foreclosure sale was scheduled for August 1, 2017.

Appellants filed their Original Petition in Texas state court on July 28, 2017, raising claims for declaratory and injunctive relief. They sought a declaration that the noticed foreclosure was barred by the statute of limitations, arguing that the debt was accelerated in 2009 and that this acceleration was never abandoned. They also sought declarations that the real estate lien and the power to enforce that lien are void and that the defendants had no legal right to foreclose. The petition raised no other claims, nor did it include any language that might be construed as a claim for breach of contract.

The state court entered a temporary injunction and the case was removed to federal court. On December 12, 2018, the district court granted Appellees' motion for summary judgment on two bases: (1) Appellants' claims for declaratory and injunctive relief were theories of recovery, not properly pled causes of action and (2) Appellants were not entitled to any of their requested declaratory relief. The district court also awarded Appellees attorney's fees. Appellants contend that they have raised triable fact issues as to their claims for declaratory relief and that the district court erred in awarding fees.

Having reviewed the record and applicable law, we affirm the district court for essentially the reasons set out in its written order.

2